# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6978 | **DATE** | 1/22/2004 |
| **CASE TITLE** | Armstrong vs. Bigley et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Armstrong's petition for writ of habeas corpus is denied. Ruling set for January 29, 2004 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CRAIG ARMSTRONG, )
)
Plaintiff, )
)
vs. ) 03 C 6978
)
KIM BIGLEY, Warden; and LISA MADIGAN, )
Attorney General, )
)
Defendants. )

DOCKETED
JAN 2 2 2004

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the petition of Craig Armstrong ("Armstrong") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is denied.

### BACKGROUND

Armstrong is currently a prisoner at the Shawnee Correctional Center in Vienna, Illinois. As such, he is in the custody of the facility's warden, Respondent Kim Bigley. On June 8, 2001, Armstrong was sentenced, in the Circuit Court of Cook County, to eight years in prison as a result of his conviction for delivery of a controlled substance. On December 20, 2002, the Illinois Appellate Court reduced Armstrong's sentence to

seven years. Because of this sentence reduction, combined with his good conduct and the time he had already served (Armstrong had been in custody since his August 1999 arrest), Armstrong was soon released from prison on December 24, 2002. Armstrong was released subject to numerous conditions of parole which would extend until the completion of his sentence on December 24, 2004. On July 3, 2003, Armstrong returned to custody for parole violations including failure to comply with electronic detention (house arrest), failure to attend substance abuse counseling, and testing positive for heroin. On August 20, 2003, Armstrong appeared before the Illinois Prisoner Review Board which affirmed that he had violated the terms of parole by testing positive for heroin.

On October 1, 2003, Armstrong filed the present petition for writ of habeas corpus. Armstrong's petition contained the following claims: (1) The Shawnee Correctional Center is using an incorrect release date based on Armstrong's pre-appeal eight year sentence such that his parole should have previously been terminated; (2) he has been denied due process because court documents that he requested have been withheld from him; and (3) he has been denied credit for time that he has already served in custody. On October 30, 2003, Armstrong filed an amended petition alleging the following claims: (1) A denial of due process because he was held in custody beyond the proper release date and without compensation; (2) being placed on

electronic detention (house arrest), which amounted to violations of the Fifth, Eighth, Thirteenth, and Fourteenth Amendments; (3) a denial of due process because his parole agent filed a false report and because the Illinois Prisoner Review Board refused to entertain Armstrong's claims that his parole reports had been falsified; and (4) a denial of due process because the Illinois Department of Corrections and the Prisoner Review Board refused to recalculate his parole time as a "concession" for previously keeping him in custody past his revised release date.

## LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner in state custody may petition a district court for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The AEDPA further dictates that a prisoner in state custody cannot be granted habeas relief "unless the state court decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Schaff v. Snyder, 190 F.3d 513, 521 (7th Cir. 1999) (quoting 28 U.S.C. §§ 2254(d)(1) & (2)). For a state court decision to be "contrary to" clearly established federal law, it must be "substantially different" from relevant Supreme

Court precedent. Williams v. Taylor, 529 U.S. 362, 405 (2000). This situation arises if the state court either applies a rule that contradicts the governing law as set forth by the Supreme Court or confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and still arrives at a different result. Id. at 405-06. A state court decision involves an "unreasonable application" of clearly established Supreme Court law when it uses the correct legal rule but applies it in an objectively unreasonable manner. Id. at 409-10. An objectively unreasonable decision is one that lies "well outside the boundaries of permissible differences of opinion." Hardaway v. Young, 302 F.3d 757, 762 (7th Cir. 2002). With these considerations in mind we now turn to Armstrong's petition for writ of habeas corpus.

## DISCUSSION

It is clear that 28 U.S.C. § 2254(d) precludes granting Armstrong habeas relief since the conduct he alleges does not involve the adjudication of his underlying criminal case. Armstrong's petition and amended petition allege numerous constitutional violations stemming from the conduct of prison and parole officials, but contain no allegations of impropriety on the part of the Illinois courts, neither trial nor appellate, that determined his guilt and fixed his sentence. Instead, Armstrong only challenges the action of Illinois officials who oversaw his parole and who supervise his subsequent incarceration. All of the conduct alleged in his petitions occurred outside

of the judicial proceedings that culminated in his sentence to prison. Because 28 U.S.C. § 2254(d) limits habeas relief to those situations where state courts decide cases unlawfully, Armstrong's petition challenging administrative action and determinations must fail.

## CONCLUSION

Based on the foregoing analysis, Armstrong's petition for writ of habeas corpus is denied.

_Charles P. Kocoras_
Charles P. Kocoras
Chief Judge
United States District Court

Dated: JAN 2 2 2004

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court

## Northern District of Illinois

Eastern Division

Craig Armstrong

**JUDGMENT IN A CIVIL CASE**

v.

Case Number: 03 C 6978

Kim Bigley et al

- ☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

- ■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that Petitioner's petition for a writ of habeas corpus is denied. Petitioner to take nothing. All matters in controversy having been resolved, final judgment is entered in favor of all Respondents and against Petitioner.

Michael W. Dobbins, Clerk of Court

Date: 1/22/2004

Stephen C. Tokoph, Deputy Clerk