# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6978 | **DATE** | 5/6/2004 |
| **CASE TITLE** | Armstrong vs. Bigley et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Armstrong's petition for writ of habeas corpus is dismissed as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY 07 2004 date docketed | 39 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CRAIG ARMSTRONG,           )
                           )
            Plaintiff,     )
                           )
     vs.                   )    03 C 6978
                           )
KIM BIGLEY, Warden; and    )
LISA MADIGAN, Attorney General, )
                           )
            Defendants.    )

DOCKETED
MAY 0 7 2004

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the petition of Craig Armstrong ("Armstrong") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is dismissed as moot.

### BACKGROUND

On June 8, 2001, Armstrong was sentenced, in the Circuit Court of Cook County, to eight years in prison as a result of his conviction for delivery of a controlled substance. On December 20, 2002, the Illinois Appellate Court reduced Armstrong's sentence to seven years. Because of this sentence reduction, combined with his good conduct and the time he had already served (Armstrong had been in custody since his

August 1999 arrest), Armstrong was soon released from prison on December 24, 2002. Armstrong was released subject to numerous conditions of parole which would extend until the completion of his sentence on December 24, 2004. On July 3, 2003, Armstrong returned to prison for parole violations including failure to comply with electronic detention (house arrest), failure to attend substance abuse counseling, and testing positive for heroin. On August 20, 2003, Armstrong appeared before the Illinois Prisoner Review Board which affirmed that he had violated the terms of parole by testing positive for heroin.

On October 1, 2003 Armstrong filed the present petition for writ of habeas corpus. Armstrong's petition contained the following claims: (1) The Shawnee Correctional Center is using an incorrect release date based on Armstrong's pre-appeal eight year sentence such that his parole should have previously been terminated; (2) he has been denied due process because court documents that he requested have been withheld from him; and (3) he has been denied credit for time that he has already served in custody. On October 30, 2003, Armstrong filed an amended petition alleging the following claims: (1) A denial of due process because he was held in custody beyond the proper release date and without compensation; (2) being placed on electronic detention (house arrest), which amounted to violations of the Fifth, Eighth, Thirteenth, and Fourteenth Amendments; (3) a denial of due process because his parole

agent filed a false report and because the Illinois Prisoner Review Board refused to entertain Armstrong's claims that his parole reports had been falsified; and (4) a denial of due process because the Illinois Department of Corrections and the Prisoner Review Board refused to recalculate his parole time as a "concession" for previously keeping him in custody past his revised release date.

On March 26, 2004, his "actual discharge date," Armstrong was released from prison. Armstrong's petition only contained claims involving his parole violation and the calculation of his release date. Armstrong has alleged no collateral consequences relating to his parole violation, subsequent re-incarceration, or purported incorrectly determined sentence. Under Spencer v. Kemna, 523 U.S. 1, 14 (1998),[1] we should not presume that "collateral consequences adequate to meet Article III's injury-in-fact requirement resulted from" the revocation of his parole. Because Armstrong is no longer in custody and does not allege collateral consequences relating to his parole violation or its resulting imprisonment, his petition must be dismissed as moot pursuant to Spencer.

---

[1] In Spencer, the Supreme Court held that in order to satisfy Article III's "case-or-controversy" requirement, a habeas petitioner challenging the revocation of his parole, who is no longer in custody, must allege that he has suffered specific collateral consequences resulting from the revocation. Examples of collateral consequences would include being rendered ineligible to vote, serve on a jury, hold public office, or to engage in certain businesses. Spencer, 523 U.S. at 9.

## CONCLUSION

Based on the foregoing analysis, Armstrong's petition for writ of habeas corpus is dismissed as moot.

                                                                                                  _Charles P. Kocoras_
                                                                                                  Charles P. Kocoras
                                                                                                  Chief Judge
                                                                                                  United States District Court

Dated:  **MAY - 6 2004**